IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * |
| | * Criminal Case No.: RWT 05-0482 |
| PRADEEP SRIVASTAVA, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Defendant Pradeep Srivastava (hereinafter, "Srivastava") has filed a *pro se* "Motion For Correction of Sentence Under Rule 35(a) or 18 USC 3582(c)(1) or Reduction of Sentence Under Rule 35(b) or Review of Sentence Under 18 USC-3742-1." ECF No. 190. Srivastava seeks relief under the Federal Rules of Criminal Procedure 35(a) and 35(b), and under 18 U.S.C. §§ 3582(c)(1) and 3742. Srivastava alleges that the quality of medical care he is receiving at the Bureau of Prisons ("BOP") is so deficient that it warrants modifying his sentence to home confinement or probation. Because Srivastava is not entitled to a modification of his sentence under Rule 35 or the statues he cites, Srivastava's motion will be denied.

## BACKGROUND

On October 8, 2009, a jury found Srivastava guilty of two counts of willful income tax evasion under 26 U.S.C. § 7201 and one count of filing a false income tax return under 26 U.S.C. § 7206(1). ECF Nos. 111-112. Prior to sentencing, the Government provided the Court with a letter from Bureau of Prisons ("BOP") Regional Health Services Administrator Robert Ellis. *See* Letter from Robert Ellis to Stuart Berman, January 21, 2010, ECF No. 195 Ex. 18. In the letter, Mr. Ellis confirmed the BOP's ability to treat prisoners with Diabetes Mellitus Type I, a

condition from which Srivastava suffers, at the Federal Medical Centers ("FMC"). *Id.* at 2. On February 5, 2010, this Court sentenced Srivastava to forty-six months of imprisonment, three years of supervised release, with a special condition of release requiring restitution to the IRS of $16,110,160, and a $300 special assessment. ECF No. 162. At sentencing, the Court made four recommendations to the BOP. ECF No. 181 at 4. In pertinent part, the Court recommended that Srivastava receive proper medical care for his Diabetes Mellitus Type I, and that he be incarcerated at Satellite Prison Camp ("SPC") Cumberland in Cumberland, Maryland. *Id.* The BOP eventually elected to designate Srivastava to FMC Butner in Butner, North Carolina. Srivastava was later transferred to SPC Cumberland, where he currently is incarcerated.

## PROCEDURAL HISTORY

On March 14, 2011, Srivastava filed this motion requesting a correction or reduction of his sentence under Federal Rule of Criminal Procedure 35 and 18 U.S.C. §§ 3582(c)(1), 3742(1). ECF No. 190. The Government filed an opposition on April 26, 2011, and Srivastava filed a reply on May 25, 2011. ECF Nos. 194-95.

## ANALYSIS

### I. Federal Rule of Criminal Procedure 35

Srivastava asserts that he is entitled to a correction or reduction of his sentence under Federal Rules of Criminal Procedure 35(a) and 35(b). However, Srivastava is not entitled to relief under Rule 35.

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Srivastava was sentenced on January 27, 2010. ECF No. 153. He did not file this motion until March 14,

2011—over a year after his sentencing. Accordingly, Srivastava's motion under Rule 35(a) is untimely.[1]

Rule 35(b) allows the Court to reduce a sentence only "upon the government's motion" if the defendant "provided substantial assistance in investigating or prosecuting another person" after sentencing. Courts may not modify a sentence "*sua sponte* or upon motion by the defendant." *United States v. Fraley*, 988 F.2d 4, 6-7 (4th Cir. 1993). Accordingly, Rule 35(b) cannot serve as a basis for Srivastava to unilaterally seek reduction of his sentence.[2]

## II. 18 U.S.C. § 3582(c)(1)

Srivastava also seeks relief under 18 U.S.C. § 3582(c)(1). Section 3582(c)(1) provides that "the court may not modify a term of imprisonment once it has been imposed" unless the Director of the BOP moves for a reduction under certain narrowly-defined circumstances, or if the modification is "expressly permitted by statute or by [Rule 35]." In essence, § 3582(c)(1) reaffirms Rule 35's requirements. The Director of the BOP has not moved for a reduction of sentence, and Srivastava cites no other statute that would permit the Court to modify his sentence. As discussed, *supra*, Rule 35 does not provide any ground for the relief requested. Accordingly, Srivastava's sentence may not be modified pursuant to 18 U.S.C. § 3582(c)(1).

---

[1] Substantively, Srivastava's motion challenges the BOP's implementation of his sentence. Srivastava makes two arguments regarding the conditions of his confinement. ECF No. 190 at 2. First, Srivastava alleges that the sentence should be altered because the "BOP has not honored any of [the] [C]ourt's recommendation[s]." *Id.* Second, Srivastava argues that the letter from Robert Ellis constitutes "clear error" because the BOP's actual treatment of Srivistava's Diabetes Mellitus Type I proves that the letter misrepresented the BOP's ability to sufficiently treat this condition. *Id.* This type of challenge must be brought under 28 U.S.C. § 2241 or as a *Bivens* action. Srivastava has filed a petition for writ of *habeus corpus* under 28 U.S.C. § 2241, *see Srivastava v. United States*, Case No. 10-cv-3343-RWT, and these issues will be addressed in the context of that petition.

[2] Neither the government nor Srivastava alleges that he provided the Government any substantial assistance. *See* ECF Nos. 190, 194, 195.

### III. 18 U.S.C. § 3742

Finally, Srivastava incorrectly invokes 18 U.S.C. § 3742 as authority for his sentence modification request. Section 3742 governs appellate review of a district court's sentencing decisions, and this Court has no jurisdiction to entertain a motion under this statute. *See, e.g., United States v. Auman*, 8 F.3d 1268, 1270-71 (8th Cir. 1993). Srivastava cannot seek review of a final sentencing in this Court under § 3742.

### **CONCLUSION**

For the foregoing reasons, "Defendant's Motion for Correction of Sentence Under Rule 35(a) or 18 U.S.C. 3582(c)(1) or Reduction of Sentence Under Rule 35(b) or Review for Reduction Under 18 USC-3742-1" (ECF No. 190) will be denied. A separate order follows.

Date: July 28, 2011 /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE